IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| STEVEN SHELANGOSKI, | ) |
| | ) |
|     Plaintiff, | ) No. LACV095413 |
| | ) |
| v. | ) |
| | ) PETITION AT LAW AND |
| REXCO EQUIPMENT, INC., and | ) JURY DEMAND |
| JOSHUA BOTTELMAN, | ) |
| | ) |
|     Defendants. | ) |

Plaintiff, Steven Shelangoski, for his Petition at Law and Jury Demand against Defendants, Rexco Equipment, Inc. and Joshua Bottelman, states and alleges as follows:

### Nature of the Case

1. This case involves Shelangoski's wrongful termination from Rexco. Shelangoski alleges breach of contract, violation of the Family and Medical Leave Act, and defamation.

### Parties

2. Shelangoski is an individual and a resident of Johnson County, Iowa.

3. Rexco is an Iowa corporation with its principal place of business in Linn County, Iowa. At all times relevant Rexco employed at least 50 employees within 75 miles of the location where Shelangoski worked, whether directly or as integrated employer.

4. Bottelman is the President of Rexco.

### Jurisdiction and Venue

5. This Court has original jurisdiction under Iowa Code § 602.6010. Venue is appropriate in Linn County because the Defendants were to perform their obligations in Linn County and Shelangoski has been injured in Linn County.

EXHIBIT B

## Background Facts

6. Shelangoski worked for Rexco from July 24, 2004 until March 18, 2020. During that time, Shelangoski served as both President and Vice President of Finance.

7. On May 8, 2018, Shelangoski executed an Employment Agreement related to his position as Vice President of Finance.

8. Pursuant to Paragraph 5(2) of the Employment Agreement, Rexco agreed to pay Shelangoski severance if Rexco terminated Shelangoski's employment without cause, including but not limited to up to 78 weeks of his salary.

9. In February 2020, Shelangoski experienced significant medical issues, requiring hospitalization and surgery.

10. During Shelangoski's surgery and recovery, Rexco repeatedly badgered him about work duties and returning to work.

11. Shelangoski attempted to exercise rights under the Family and Medical Leave Act, including rights to protected leave and reinstatement, but Rexco ignored his requests.

12. Shelangoski was released from the hospital on Sunday, March 15, 2020.

13. On Wednesday, March 18, 2020, Rexco abruptly terminated Shelangoski's employment.

14. Rexco claims Shelangoski's termination is for "cause" under the Employment Agreement.

15. Rexco has refused to pay Shelangoski severance, despite demands.

## Count I – Breach of Contract - Rexco

16. Shelangoski restates Paragraphs 1-15 as if fully set forth herein.

17. Shelangoski's Employment Agreement constitutes a written and fully-executed contract between him and Rexco.

18. Shelangoski performed all his responsibilities under the contract.

19. Rexco breached the contract by failing to pay severance.

20. Shelangoski has been damaged in an amount exceeding the jurisdictional limits of this Court.

WHEREFORE, Shelangoski respectfully requests the Court enter judgment in his favor, award damages in an amount to be proven at trial, and for such other further relief as the Court deems appropriate.

## Count II – Iowa Wage Payment Collection Act - Rexco

21. Shelangoski restates Paragraphs 1-20 as if fully set forth herein.

22. Shelangoski's promised severance payment constitutes wages under the Iowa Wage Payment Collection Act, Chapter 91A.

23. Rexco failed to pay Shelangoski's wages when due.

24. Rexco's failure to pay wages is intentional, entitling Shelangoski to liquidated damages.

25. Shelangoski also is entitled to recover attorney's fees.

WHEREFORE, Shelangoski respectfully requests the Court enter judgment in his favor, award damages, award liquidated damages and attorney's fees, and for such other further relief as the Court deems appropriate.

## Count III – FMLA Interference - Rexco

26. Shelangoski restates Paragraphs 1-25 as if fully set forth herein.

27. Shelangoski is an eligible employee under the FMLA, as he had worked for Rexco for more than one year preceding his need for FMLA leave and worked at least 1,250 hours in the year prior to his need for leave.

28. Rexco is a covered employer under the FMLA.

29. Shelangoski experienced a serious health condition in February 2020 requiring inpatient care and continuing treatment by a health care provider.

30. Shelangoski requested FMLA leave, both verbally and in writing.

31. Rexco denied his request for leave.

32. Rexco also refused to reinstate Shelangoski to his prior position as Vice President of Finance.  Rexco fired him instead.

33. Rexco interfered with Shelangoski's rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

34. Shelangoski has been damaged as a result of Rexco's interference in an amount exceeding the jurisdictional limits of this Court, including but not limited to back pay, front pay, liquidated damages, attorney's fees and damages for emotional distress.

WHEREFORE, Shelangoski respectfully requests the Court enter judgment in his favor, award damages, award liquidated damages and attorney's fees, and for such other further relief as the Court deems appropriate.

### Count IV – FMLA Retaliation - Rexco

35. Shelangoski restates Paragraphs 1-34 as if fully set forth herein.

36. Shelangoski engaged in protected activity by seeking FMLA leave.

37. Rexco terminated Shelangoski's employment immediately after he engaged in protected activity.

38. A causal connection exists between Shelangoski engaging in protected activity and Rexco terminating his employment.

39. Rexco's action violates the FMLA, 29 U.S.C. § 2615(a)(1)(2).

40. Shelangoski has been damaged by Rexco's unlawful conduct in an amount exceeding the jurisdictional limits of this Court, including but not limited to back pay, front pay, liquidated damages, attorney's fees and damages for emotional distress.

WHEREFORE, Shelangoski respectfully requests the Court enter judgment in his favor, award damages, award liquidated damages and attorney's fees, and for such other further relief as the Court deems appropriate.

### Count V – Defamation - Rexco and Bottelman

41. Shelangoski restates Paragraphs 1-40 as if fully set forth herein.

42. In or about March 2020, Bottelman communicated to Rexco employees via email that Shelangoski had "jeopardized" the company.

43. Bottelman's statement that Shelangoski jeopardized the company is false.

44. Bottelman published the statement to third parties.

45. Bottelman published the statement with malice.

46. The statement concerns Shelangoski.

47. The statement is defamatory per se, as it tends to injure Shelangoski's professional reputation.

48. Shelangoski has been harmed by the false statement and/or a presumption of harm exists because the statement is defamatory per se.

49. Bottelman made the statement while acting as Rexco's President.

50. Rexco and Bottelman are jointly and severally liable for Bottelman's defamation.

51. Punitive damages should be awarded.

WHEREFORE, Shelangoski respectfully requests the Court enter judgment in his favor and against Rexco and Bottelman, award damages in an amount to be proven at trial, award punitive damages, and for such other further relief as the Court deems appropriate.

### Jury Demand

Shelangoski demands trial by jury on all claims so triable.

    */s/ Vernon P. Squires*
VERNON P. SQUIRES   (#AT0007443)
   of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA  52406-2804
Phone: (319) 363-0101
Direct Dial: (319) 861-8726
Email: vsquires@bradleyriley.com
ATTORNEYS FOR THE PLAINTIFF